Workmen's Compensation Board of the Commonwealth of Pennsylvania and RCA Corporation *v.* Dale Basalyga, Appellant.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Dale Basalyga*, appellant, for herself.

*Joseph A. Murphy*, with him *John R. Lenahan*, and *Lenahan, Dempsey & Murphy*, and *James N. Diefenderfer*, for appellees.

346

OPINION BY JUDGE KRAMER, April 20, 1976:

This is an appeal by Dale Basalyga from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision dismissing her claim petition. The issue in this case is whether Basalyga was denied due process of law. We hold that she was not and affirm.

On November 13, 1972, Basalyga injured her back while in the course of her employment with the RCA Corporation. As a result of her injury Basalyga was unable to work from November 14, 1972 to November 19, 1972, inclusive; unable to work on November 29, 1972; unable to work from December 7, 1972 to January 14, 1973, inclusive; and unable to work from January 16, 1973 to January 30, 1973, inclusive. On February 1, 1973 a Notice of Compensation Payable was issued providing Basalyga with compensation for total disability for her periods of unemployment between November 14, 1972 and January 30, 1973. On December 10, 1973, Basalyga filed a claim petition alleging continued disability and loss of earnings as a result of the November 13, 1972 injury.

Following assignment of the case to a referee, seven hearings were scheduled between February 7, 1974 and January 21, 1975. The referee informed Basalyga that the third hearing would be the final hearing, and that no more continuances or postponements would be granted. Despite this warning four additional hearings were scheduled. Basalyga failed to appear at the seventh hearing scheduled for January 21, 1975, and failed to notify the referee that she would not be able to appear. Basalyga received notice for all scheduled hearings. The referee issued his decision denying benefits on February 11, 1975.

The only medical evidence presented at the hearings was testimony by two physicians on behalf of RCA. Basalyga does not deny that both physicians' testimony indicated that she did not suffer any disability which was related to the November 13, 1972 injury. Basalyga did not present any testimony, medical or otherwise, on her own

behalf, and she did not testify herself. Throughout these entire proceedings Basalyga was not represented by counsel. The referee did, however, repeatedly advise Basalyga of her right to have an attorney.[1]

Basalyga argues that she has been "deprived of due process and equal protection of the laws." Her argument has no merit. The seven hearings scheduled over a thirteen-month period provided Basalyga with a more than adequate opportunity to present her case. Despite this opportunity Basalyga presented no evidence. Consequently, there is no evidence in the record to support the factual allegations contained in Basalyga's brief to this Court. The referee did not abuse his discretion by deciding to grant no more continuations or postponements after Basalyga failed to appear at the seventh hearing. *Rabenstein v. State Workmen's Insurance Fund,* 15 Pa. Commonwealth Ct. 160, 325 A.2d 681 (1974).

We therefore

ORDER

AND NOW this 20th day of April, 1976, the order of the Workmen's Compensation Appeal Board, dated June 26, 1975, denying the claim of Dale Basalyga, is hereby affirmed.

---

1. Basalyga represented herself in the appeal to this Court. When advised at argument of her right to have an attorney, Basalyga replied that she knew more about her own case than any attorney.