Jeddo Highland Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Neil Mussoline, Respondent.

Argued June 5, 1980, before Judges Mencer, Craig and MacPhail, sitting as a panel of three.

*Kathleen A. Lenahan*, with her *John R. Lenahan, Jr., Lenahan, Dempsey, Murphy & Piazza*, for petitioner.

*Robert J. Gillespie, Sr.*, for respondent.

OPINION BY JUDGE CRAIG, July 22, 1980:

Employer Jeddo Highland Coal Company appeals from a decision of the Workmen's Compensation Appeal Board (board) which affirmed a referee's determination that Neil Mussoline (claimant) was eligible to receive compensation under Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(q), because he was totally disabled by an occupational disease.

Claimant worked in and around the stripping operations of the coal mining industry during a period which exceeded 20 years. During his tenure with employer, from June, 1957 until November 8, 1976, claimant worked as a jackhammer helper, machine drill helper and truck driver. However, his last position with employer was that of an oiler. Although claimant never worked underground, he labored in extremely dusty conditions.

Before the referee, the parties presented conflicting medical testimony. Consequently the referee appointed Dr. Arthur L. Koch as an impartial medical witness to examine the claimant, make a report and testify as to his findings. After weighing all the testimony, the referee found the claimant totally and permanently disabled by anthracosilicosis.

The board, on appeal by the employer, amended the determination of the referee to find claimant partially disabled. Moreover, the board remanded the case to the referee to give the employer the opportunity to

show that work within the claimant's abilities was available to him.

On remand the referee found that the testimony of Mr. William Ratchford, an employer relations representative of the Bureau of Employment Security, was not sufficient to meet the employer's burden of proving suitable job availability, hence the referee reached the total disability determination now presented for our review.[1]

Employer first contends that the record is devoid of substantial evidence to support the referee's finding that the claimant is permanently and totally disabled due to an occupational disease.[2] We cannot agree.

---

[1] Where, as here, the party with the burden of proof has prevailed before the referee on the question of disability, review by this court is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Workmen's Compensation Appeal Board v. Western Packers, Inc.,* 22 Pa. Commonwealth Ct. 598, 350 A.2d 194 (1976).

[2] The pertinent findings of fact are as follows:

3. Claimant was last employed in the anthracite industry by the Jeddo Highland Coal Co., (Pagnotti), from 1957 to November 8, 1976.

....

5. On November 9, 1976, claimant became permanently and totally disabled due to anthracosilicosis within the meaning of the Workmen's Compensation Act of 1915, as amended.

....

7. Claimant is presumed to have been exposed to the dust of anthracite during his employment with various employers in the anthracite industry. This presumption was not rebutted by the defendant.

....

11. Dr. Koch, as the impartial medical expert, testified that the claimant can do light or medium work, but cannot engage in heavy work activity. Thus, having placed restrictions on the claimant's ability to work, this Referee finds that, from a medical standpoint, the claim-

Here the claimant's medical expert testified unequivocally that he believed that claimant was permanently and totally disabled by pneumoconiosis, specifically anthracosilicosis, but the impartial medical expert testified that, although he found evidence of pneumoconiosis in the claimant's lungs, he did not believe that was the cause of claimant's disability.

We find no error in the referee attaching more weight to the testimony of claimant's medical witness than to that of the impartial medical witness. Determinations as to credibility and the choice between conflicting competent medical testimony are within the province of the referee. *Penzoil United, Inc. v. Mitchell*, 27 Pa. Commonwealth Ct. 76, 365 A.2d 905 (1976). Moreover, the referee may properly accept testimony of a general practitioner regarding the relationship of a patient's employment to his pulmonary condition and reject the conflicting testimony of a specialist, and the referee need not specify his reason for that credibility decision. *See: City of Hazleton v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

Claimant's medical witness' qualifications were not in dispute. Therefore his testimony constitutes substantial evidence supportive of the referee's finding that the claimant was totally disabled due to anthracosilicosis.

---

ant is partially disabled and, since the defendant-employer did not show the availability of suitable work for the claimant, the Referee finds that the claimant is totally disabled within the meaning of the Workmen's Compensation Act of 1915, as amended, and as interpreted by the appellate courts of the Commonwealth of Pennsylvania.

The employer's second contention is that the referee capriciously disregarded Mr. Ratchford's testimony, as to work available to the claimant.[3]

Once a claimant has demonstrated that he can no longer perform the kind of work in which he was formerly engaged, the employer must prove that other work is available to the claimant. If the employer fails to meet that burden, the claimant is entitled to an award of total disability. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968). *Remmey Division v. Workmen's Compensation Appeal Board*, 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979). The employer is not required to show the existence of specific job openings, but must establish the general availability of positions suited for the claimant. *Dreher v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 473, 393 A.2d 1081 (1978).

In the present case, Mr. Ratchford testified that security guard jobs, sewing machine operator jobs and some "office jobs" were generally available. However, he could not testify that any security guard jobs were currently available, nor that he had placed someone like the claimant (a fifty-nine year old male who worked all during his employment in stripping operations) in a sewing machine operator position; and he acknowledged that claimant lacked experience for office jobs.

Moreover, Mr. Ratchford admitted that he did not have an opportunity to review fully the testimony of previous witnesses. Consequently, as medical background concerning claimant's capacity, he stated

---

[3] Because, as we note, the employer has the burden of proving the existence of work available to the claimant, and the employer here failed to meet that burden, our scope of review on this issue is to determine if the referee capriciously disregarded competent evidence on the record. *Lewis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979).

that he had reviewed the testimony of claimant and of the impartial medical witness, but that was the expert testimony discounted by the referee in favor of the testimony of the claimant's medical witness. Therefore, the referee was entitled to view Mr. Ratchford's testimony as insufficient to establish that positions suitable to the claimant were in fact available.

Accordingly, we affirm the decision of the board.

### ORDER

· AND Now, this 22nd day of July, 1980, the order of the Workmen's Compensation Appeal Board, dated March 8, 1979, No. A-75748, is affirmed. Accordingly, it is ordered that judgment be entered in favor of claimant, Neil Mussoline, and against the Jeddo Highland Coal Company in the following amounts:

1. Compensation in the amount of $187.00 per week, effective the date such payments were interrupted and to continue within the terms and limitations of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

2. All deferred payments of compensation shall bear interest at the rate of 10 percent per annum.