Hoover's Sani-Dairy Products and Laundry Owners Mutual Liability Insurance Association, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Francis Nagle, Respondents.

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Denver E. Wharton,* with him *Robert J. Wharton, Kaminsky, Kelly, Wharton & Thomas,* for petitioners.

*Raymond J. Zadzilko,* with him *Arnold D. Smorto, Smorto & Persio,* for respondents.

OPINION BY JUDGE BLATT, May 21, 1982:

Hoover's Sani-Dairy Products (Hoover) and its insurer appeal a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision to reinstate benefits to claimant Francis Nagle.

The claimant injured his back while performing services for Hoover on March 20, 1978 and was paid benefits under a supplemental agreement entered into between the parties on May 23, 1978 for total disability. On December 4, 1978 he accepted a job[1] with Shaner Brothers Oil Company (Shaner Brothers) which required no heavy lifting and his benefits were then suspended. On March 5, 1979, however, he quit this job and soon thereafter filed the instant reinstatement petition alleging that he could not perform his duties at Shaner Brothers because of a recurrence of

---

[1] The claimant, according to the petitioners' brief, was a driver and oil salesman.

his March 20, 1978 injury at Hoover's. Hoover, on the other hand, alleged that it was relieved of responsibility because a new injury had occurred while the claimant was employed by Shaner Brothers.[2] The referee, relying on the testimony of the claimant's physician, found that the claimant did in fact establish that he had a recurrence of the March 20, 1978 injury and accordingly granted benefits. The Board, without taking additional evidence, affirmed.

Where, as here, the party with the burden[3] of proof has prevailed below, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or the referee's findings of fact were unsupported by substantial evidence. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980).

Hoover argues that the necessary findings of fact regarding whether or not the claimant actually had a recurrence of his original injury were unsupported by substantial evidence. Our careful review of the record, however, discloses that the claimant's physician, who had also treated him for his original (March 20, 1978) injury, unequivocally[4] testified that he carefully ex-

---

[2] The law in this situation is well-settled. If the claimant's current disability is a result of a recurrence of his March 20, 1978 injury then Hoover, who was the employer at the time of such original injury, is responsible. *See, e.g., Lasick v. Consumers Mining Co.,* 182 Pa. Superior Ct. 414, 128 A.2d 144 (1956) ; *Cambria County Commissioners v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981). But, of course, if there has been a new injury or an aggravation of a pre-existing condition related to the new employment, then the current employer, Shaner Brothers, is responsible. *See Bud Smail Lincoln Mercury v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 638, 430 A.2d 719 (1981).

[3] *Cambria County.*

[4] *General Electric Co. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 511, 434 A.2d 841 (1981).

amined the claimant on April 9, 1979 and concluded that the claimant had had a recurrence of the symptoms he previously exhibited on March 20, 1978.

Hoover next argues that the referee violated its constitutional rights by prematurely closing the record and refusing to grant it a continuance, specifically charging that such action precluded it from securing the testimony of one Mr. Shaner, who was in poor health, and that such testimony would have shown the degree of effort involved by the claimant in his Shaner Brothers' job. We have recognized, of course, that due process principles are not violated by workmen's compensation authorities when they exercise their discretion to deny a requested continuance where an employer had sufficient means and ample time within which it could have accomplished what it says it could accomplish if a continuance were granted. *Mrs. Smith Pie Co. v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 274, 426 A.2d 209 (1981); *see Workmen's Compensation Appeal Board v. Basalyga,* 24 Pa. Commonwealth Ct. 345, 355 A.2d 603 (1976). Here, the record reveals that the referee was most accommodating and did continue this case several times[5] so that Mr. Shaner could be deposed by Hoover, but Hoover failed to depose him. Moreover, Hoover could have but did not subpoena Mr. Shaner nor did it establish or aver in seeking the continuance that the information which it sought from Mr. Shaner could be ascertained *only* from him and not from his brother and operating partner, from the claimant's co-workers, or from Shaner Brothers' records.

We believe, therefore, that the referee did not abuse his discretion in denying Hoover's request to protect further this matter. And, finding no error of

---

[5] The referee continued or rescheduled the case approximately 12 times in all.

law or necessary fact unsupported by substantial evidence, we will accordingly affirm the order of the Board.[6]

ORDER

AND Now, this 21st day of May, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

It is further ordered that judgement be entered in favor of the respondent Francis Nagle and against petitioners Hoover's Sani-Dairy Products and Laundry Owners Mutual Liability Insurance Association, at the rate of $185.36 per week beginning March 6, 1979 and continuing in accordance with the provisions of the Act. All deferred payments of compensation shall bear statutory interest in accordance with the Act. Additionally it is ordered that the aforementioned petitioners are directed to pay the following medical expenses:

Blair Orthopedic Associates .........$1,385.00
1212 Thirteenth Avenue
Altoona, PA 16601

Miners Hospital of Northern ........ 238.50
Cambria, Crawford & First
Spangler, PA 15775

Life Support Products ............. 530.00
716 Hannah Street
Houtzdale, PA 16651

D'Andrea Pharmacy ............... 105.00
Bigler Ave. & N. First St.
Spangler, PA

---

[6] We note that the referee in his findings of fact found that the claimant had incurred a $105.00 expense at the D'Andrea Pharmacy but in his order the referee listed the expense as $530.00 which was identical to the preceding expense on the list. Believing this to be an error of transportation, we will utilize the figure in the referee's factual finding.

Counsel fees in the amount of twenty (20%) percent of all compensation due is payable to, and the petitioners in the above-captioned matter are directed and ordered to deduct the same and mail to: Arnold D. Smorto, Esquire, 129 S. Center Street, Ebensburg, PA 15931.

Judge MENCER did not participate in the decision in this case.