Port Authority of Allegheny County, Petitioner *v.* Workmen's Compensation Appeal Board (Ellis L. Allen), Respondents.

Argued October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*James H. Norris, Ruffin, Hazlett, Snyder, Brown & Stabile,* for petitioner.

*John N. Rickerman,* with him *John J. Kirk,* for respondent, Ellis L. Allen.

OPINION BY JUDGE WILLIAMS, JR., March 21, 1983:

The Port Authority of Allegheny County (employer) has appealed from an order of the Workmen's Compensation Appeal Board (Board) granting Ellis L. Allen (claimant) workmen's compensation benefits as a result of injuries he sustained at work when the hose of a steamgenny exploded.

On June 19, 1980, while employed as a parts cleaner, the claimant was injured when he jumped out of the way of an exploding hose on a steamgenny and fell backwards. He was taken to a hospital for treatment of neck pains and burning sensations on his left forearm and left thigh. The claimant was prescribed a cervical collar to wear for two days and was discharged.

On the following day the claimant was examined by the employer's doctor who found no objective evidence of an injury and felt the claimant could return to work on June 23, 1980, the next working day. After leaving the employer's doctor, the claimant returned to the hospital complaining of the same pains from the day before, and additionally of pains in his abdomen. He was diagnosed as having viral gastroenteritis and was discharged that same day.

Thereafter, the claimant went to his family physician who admitted the claimant into a hospital on June 26, 1980. This physician found the claimant to be suffering from: 1) acute gastroenteritis, gastroenteropathy; 2) spasms of intestines and stomach; 3) muscular spasms of sterocleidomastoid and intrascapular, deltoid, chest and abdominal muscles; and 4) spasms in the lumbrosacral point and muscles of the hips and thighs. The claimant was discharged on July 9, 1980, but came in weekly for an unspecified

period for follow-up care. He returned to work on September 2, 1980.

The referee found that the claimant was disabled from June 19, 1980 to September 1, 1980 and awarded benefits for that period. The Board affirmed. The employer appeals contending that the claimant failed to produce unequivocal medical testimony establishing a causal connection between his disability and his work accident, and that the referee improperly awarded several medical expenses.

In a workmen's compensation proceeding, the claimant has the burden of establishing the right to compensation and all the elements necessary to support an award. *Fox v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 93, 373 A.2d 141 (1977). A claimant's right to compensation depends upon the successful establishment that his injury occurred in the course of employment and is related thereto. *Workmen's Compensation Appeal Board v. U.S. Steel,* 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977). Accordingly, a "claimant is entitled to recovery if he or she can establish by competent medical evidence that the disability resulted from the . . . injury. . . ." *Halaski v. Hilton Hotel,* 487 Pa. 313, 318, 409 A.2d 367, 369 (1979). We conclude that the claimant has met his burden. The referee found that the claimant suffered a work related disability based upon the claimant's own testimony and upon hospital records containing diagnoses made by his treating physician. It matters not that there was conflicting testimony as to the claimant's disability, since issues of credibility, resolutions of conflicting testimony and the weight to be given evidence are matters within the province of the referee, *Brayo v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 234, 435 A.2d 1346 (1981), and neither this Court nor the Board can substitute its discretion for that of the ref-

eree if facts are supported by substantial evidence. *Sell v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 5, 434 A.2d 904 (1981).

We also conclude that the referee erred in the amount of his award. At the referee's hearing, the claimant submitted medical bills in the following amounts:

| | |
|---|---|
| Junction Pharmacy | $ 1.00 |
| St. John's General Hospital | 1,316.00 |
| Sun Drug | 3.00 |
| Sun Drug | 2.00 |
| | $1,322.00 |

He also submitted the following bills for charges incurred to secure medical reports:

| | |
|---|---|
| St. John's General Hospital | $ 3.00 |
| Allegheny General Hospital | 11.00 |
| St. John's General Hospital | 3.00 |
| | $ 17.00 |

For reasons unclear in his decision, the referee awarded $4,027 in medical expenses and $24 to secure medical reports. The claimant argues that while not of record, the referee's award includes amounts set forth in a statement provided to him by Blue Cross of Western Pennsylvania, and inasmuch as this statement was argued before the Board on appeal, the referee's award should stand. We cannot agree.

While it's true that if on appeal the Board determines that the referee's findings are not supported by competent evidence, it may hear other evidence and substitute its own findings for those of the referee, *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), this Court's scope of review is still limited to a determination of whether constitutional

rights have been violated, errors of law committed, or whether findings of fact are supported by substantial evidence. *Owens v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979). In the instant case, the Board made no mention or finding regarding the propriety of expenses awarded. Further, our review of the record fails to reveal any evidence which could support the total of the referee's award. Evidence of record only supports medical expenses of $1,322 and costs of $17. Accordingly, the claimant's award must be so modified.

ORDER

AND Now, this 21st day of March, 1983, the order of the Compensation Appeal Board dated August 13, 1981, No. A-80746 is hereby directed to be modified as follows:

1. medical expenses are awarded in the amount of $1,322 and;

2. expenses incurred to secure medical reports are awarded in the amount of $17;

and as modified is hereby affirmed.