Clarence L. Wynn, Petitioner *v.* Workmen's Compensation Appeal Board (Commonwealth of Pennsylvania, Department of Transportation), Respondents.

Submitted on briefs September 12, 1983, to President Judge CRUMLISH, JR. and Judges BARRY and BLATT, sitting as a panel of three.

*Anthony S. Federico, Jr.,* for petitioner.

*Paul J. DuFallo,* Assistant Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 19, 1983:

Clarence Wynn appeals a Workmen's Compensation Appeal Board order affirming a denial of benefits. We affirm.

Wynn, a Pennsylvania Department of Transportation employee, sustained a work-related back injury disabling him for a month. He worked for two and one-half years before retiring, contending that this injury forced his retirement. Benefits in excess of the month he was out were denied. The referee concluded that Wynn's subsequent disability resulted from a pre-existing degenerative back disease not causally related to his injury. The Board affirmed that determination.

Benefits are awarded where a pre-existing condition is aggravated or accelerated by an injury incurred in the course of employment. *Foster Wheeler Energy Corp. v. Ustonofski,* 53 Pa. Commonwealth Ct. 473, 419 A.2d 1334 (1982). Section 301(c) of The Pennsylvania Workmen's Compensation Act[1] defines "injury" as

---

[1] Act of June 15, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . .

The claimant bears the burden of proving that the job-related injury aggravated a pre-existing condition, thereby causing disability. *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 204, 423 A.2d 52 (1980). Where the party having the burden of proof does not prevail below, our review is limited to determining whether the Board's findings of fact are consistent with one another and with its conclusions of law and can be upheld without a capricious disregard of competent evidence. *Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974).

Wynn now contends that the referee capriciously disregarded evidence that his disability was caused by a work-related injury. We disagree. Before the referee, it was undisputed that Wynn suffered a preexisting degenerative back disease. The parties, however, presented conflicting testimony by physicians on the issue of disability causation. The referee then concluded that Wynn's physical deterioration subsequent to retirement was not causally related to the previous injury, but was the result of the already-present degenerative disease process. Thus, the referee's finding was not made in capricious disregard of the testimony. A referee's rejection of one physician's testimony in favor of another's is not capricious disregard of evidence, but is a credibility determination which we will not disturb. *Redmond v.*

*Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 162, 420 A.2d 766 (1980).

Finally, Wynn's contention that he was denied due process by the Board's refusal to remand for the taking of additional testimony is without merit. Wynn had sufficient opportunity to present the additional testimony before the referee, but he failed to do so and in such circumstances a remand refusal is not a denial of due process. *See Hoover's Sani-Dairy Products v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 574, 445 A.2d 841 (1982).

Affirmed.

### ORDER

The order of the Workmen's Compensation Appeal Board in A-81823, dated July 22, 1982, is hereby affirmed.