Jamal Abdul El-Ha'Kim, Petitioner *v.* Workmen's Compensation Appeal Board (Sharon Steel Corporation), Respondents.

Submitted on briefs October 6, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Jamal Abdul El-Ha'Kim,* petitioner, for himself.

*W. Allen Dill, Fruit, Dill, Goodwin & Scholl,* for respondents.

OPINION BY JUDGE DOYLE, December 21, 1983:

Before this Court is an appeal by Jamal Abdul El-Ha'Kim (Petitioner) from a decision and order of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of his Review Petition. We affirm.

Petitioner incurred an injury in the course of his employment with the Sharon Steel Corp. on February 7, 1978. Workmen's compensation benefits were paid to Petitioner, but said payments were suspended pursuant to a Supplemental Agreement entered into in December of 1980. On March 26, 1981, Petitioner filed the Review Petition which is the focus of the instant appeal, alleging that he was disabled as a result of secondary osteoarthritis caused by the February, 1978 injury and that he should therefore receive compensation for the period beginning "on or after January 1, 1981." From the subsequent referee's hearing it was determined that Petitioner was asking for workmen's

compensation benefits for the period from February 24, 1981 through November 23, 1981, when he was released to return to work. Following the hearing the referee denied benefits and, on appeal, the Board affirmed. The appeal to this Court followed.

As best as can be determined by this Court,[1] Petitioner's appeal is that the referee, in conspiracy with the Sharon Steel Corp., prevented him from introducing medical evidence which ostensibly would have been of a nature sufficient to establish the relationship between his employment and the arthritis. *See McCloskey v. Workmen's Compensation Appeal Board,* Pa.    , 460 A.2d 237 (1983); *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Robert L. Lucas),* 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983). We must reject this appeal as completely unfounded. It was Petitioner's burden, as the claimant, to establish that his condition was work related. *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Ellis L. Allen),* 73 Pa. Commonwealth Ct. 49, 457 A.2d 597 (1983). Petitioner attempted to meet this burden by introducing the deposed testimony of a doc-

---

[1] Petitioner, who is before this Court pro se, has submitted a brief which is two pages in length. It consists entirely of a rambling discourse on the mental anguish and irreparable injury allegedly caused him by the denial of benefits, vague allegations of conspiracy, denial of due process and legal error, and what appears to be a challenge to the propriety of the Suspension Agreement entered in 1980, a matter in no way related to the instant procedings and which we cannot address. While we have addressed that aspect of Petitioner's appeal which we have been able to glean from this document as addressing a legitimate interest and issue, we note that we would not have been remiss in quashing the appeal without reaching the merits as the brief's deficiencies are substantial and not merely facial insofar as the technical requirements of Pa. R.A.P. 2111 are concerned. *A.M. Skier Agency, Inc. v. Pocono Futures, Inc.,*    Pa. Superior Ct.    , 454 A.2d 637 (1982); *Commonwealth v. Taylor,* 306 Pa. Superior Ct. 1, 451 A.2d 1360 (1982).

tor who had been his treating physician. This testimony in no way unequivocally related Petitioner's arthritic condition to his employment or anything that had happened to him in the course thereof. Thus, it was wholly inadequate for Petitioner's purposes and the conclusion of both the referee and the Board in this regard was correct. *See McCloskey*. Petitioner at no point in the proceedings attempted to introduce any other medical evidence relating his condition to his employment nor did he request a continuance for this purpose. The record indicates he received a full and fair hearing and, as a pro se claimant, he was indulged to the fullest extent of the law by the referee. Accordingly, there was no denial of due process, *Workmen's Compensation Board v. Basalyga*, 24 Pa. Commonwealth Ct. 345, 355 A.2d 603 (1976), and we must affirm the denial of benefits.

ORDER

Now, December 21, 1983, the decision and order of the Workmen's Compensation Appeal Board in the above captioned matter, No. A-83328, is hereby affirmed.