Ann Cesare, Widow of Carlo J. Cesare, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Lackawanna Casualty Company), Respondents.

Submitted on briefs June 6, 1985, to Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Paul R. Mazzoni,* for petitioner.

*David E. Heisler, Lenahan & Dempsey,* for respondent, Lackawanna Casualty Company.

OPINION BY JUDGE ROGERS, August 21, 1985:

Ann Cesare (claimant), the widow of Carlo J. Cesare (decedent), has filed a petition for review of an order of the Workmen's Compensation Appeal Board (board) affirming a referee's order dismissing her fatal claim petition in which she alleged that her husband's death from heart failure during a catheterization procedure was the result of the effect of work-related stress.

The claimant testified twice before the referee. On the first occasion, she testified that her husband, who had been a sales manager for a coal company in or near Scranton, had been conscientious about his work and had worked long hours. She testified that on Friday, March 18, 1977, she, her husband, Charles Zink, a vice-president of the coal company, and Mrs. Zink drove to New York on a business trip and that on that evening the decedent complained of chest pains. She further testified that the parties remained in New York for dinner, a show, and meetings with customers during the balance of the weekend.

Mr. Zink testified that the decedent was a conscientious worker but that he had never complained that his work was affecting his health. Mr. Zink specifically testified that he recalled no mention by the decedent of indisposition or saw no signs of stress suffered by the decedent during the trip to New York.

Mr. Zink died after he testified in this case. After Mr. Zink's death, the claimant testified that on Friday,

March 18, 1977, her husband helped push the Zink car from a curb in snowy weather.

The referee accepted Mr. Zink's version of the trip to New York.

The referee received the depositions of Dr. John Wandalowski, the decedent's treating physician, and of Dr. Orlindo Preli, the physician who performed the catheterization. These depositions offered by the claimant were the only medical evidence.

Dr. Wandalowski testified that the decedent, a smoker, had severe coronary artery disease, a positive stress test at a low work level, a high cholesterol level, and a sugar intolerance, and that the decedent had complained of occasional chest discomfort when "hurrying"; but that, in the doctor's words, the claimant "denied chest symptoms caused by emotional upset or by his work." Dr. Wandalowski agreed that stress "could aggravate" coronary artery disease but stated that it could not cause it and testified that there was no relationship between the decedent's death and his work activity. It was his opinion that the decedent did not suffer from a myocardial infarction during the catheterization procedure but died of ventricular fibrillation then occurring.

Dr. Preli agreed with Dr. Wandalowski that stress could aggravate heart disease and further testified that emotional or physical stress could cause coronary disease. Dr. Preli testified that the decedent had advanced coronary atherosclerosis, which was progressive; that the decedent had "total blockage of one of the two main vessels on the left side of the heart and in the left anterior descending coronary vessels. . .''; and that the decedent's death during the catheterization was from a myocardial infarction. In response to a hypothetical question put by the claimant's counsel which was based on the claimant's description of

the decedent's work habits, Dr. Preli testified that a person of that description is susceptible to a condition of stress sufficient to cause a myocardial infarction.

The referee made the following pertinent findings of fact:

14. [The decedent went to the hospital] where a cardiac catheterization was done on July 1, 1977. In the course of this procedure, the decedent became hypotensive. The physicians were unable to defibrillate him. He died at 10:30 a.m. He had suffered another myocardial infarction during the operation.

15. The decedent had an advanced coronary atherosclerosis. This was progressive in nature. There was a total blockage of one vessel on the left and in the left anterior descending coronary vessel.

16. The decedent had had a silent myocardial infarction sometime during the period between his first myocardial infarction on November 21, 1966 and the myocardial infarction on July 1, 1977. It did not occur on March 18, 1977.

17. The claimant introduced the testimony of Dr. Wandalowski, who had examined the decedent on March 29, 1977 and attended him on several occasions until the decedent's death on July 1, 1977. Your Referee accepts the testimony of this witness as to the history taken and his findings and is persuaded by his opinion as to the absence of causal connection between the decedent's death and his work.

Your Referee finds as a fact that the decedent did not suffer a work-related injury.

The claimant first contends that because the referee failed to mention Dr. Preli's name in the decision, the referee "clearly failed to consider all of the evi-

dence before him in this case, and that therefore his decision is not supported by substantial, competent evidence.'' This argument is without merit. The referee's fourteenth, fifteenth, and sixteenth findings, which we have reproduced, are based entirely on Dr. Preli's testimony. Dr. Wandalowski had concluded that the decedent "did not have an infarct at the time of death,'' he never stated that the decedent had' had a silent myocardial infarction sometime after the one in 1966, and he never described the extent of the decedent's disease with respect to the blockage of vessels. Moreover, the referee's failure to mention Dr. Preli's name would not compel a conclusion that his testimony was not considered in any case. *Colt Industries v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 296, 299, 415 A.2d 972, 974 (1980).

The claimant's second argument is that since there was "a real medical conflict of evidence,'' the board should have remanded the record for the appointment of an impartial physician, pursuant to Section 420 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §831. The depositions are not importantly different.[1] In any case, a referee's decision to accept the testimony of one of the parties' medical experts rather than appoint an impartial physician does not constitute reversible error. Moreover, the board may appoint an impartial physician only when the referee's findings are not supported by competent evi-

---

[1] In jury trials, the rule is that a party who calls medical experts who contradict each other as to a fact their sponsor must prove by experts has not adduced unequivocal evidence. *Mudano v. Philadelphia Rapid Transit Co.,* 289 Pa. 51, 137 A. 104 (1927). But this rule does not apply in workmen's compensation cases. *General Electric Co. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 511, 434 A.2d 841 (1981).

dence. *Wingert v. Workmen's Compensation Appeal Board,* 78 Pa. Commonwealth Ct. 640, 468 A.2d 526 (1983). Since the referee's decision was based on competent evidence, we conclude that the board did not err in not appointing an impartial physician.

Because the referee declined to find that the decedent pushed the Zink car for lack of corroboration of the claimant's testimony, the claimant contends that the board should have, as she requested in her appeal to the board, remanded the record so that she could produce corroboration of this incident. This proposed evidence is not described as, much less claimed to be, after discovered evidence. Neither a rehearing nor a remand should be allowed for the purpose of producing simply cumulative or corroborative evidence which the party had opportunity to produce at the hearing held for that purpose. *General Woodcraft & Foundry v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 357, 318 A.2d 385 (1974).

Order affirmed.

ORDER

AND Now, this 21st day of August, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.