Richard H. Boyce, Petitioner *v.* Workmen's Compensation Appeal Board (Penn State Services), Respondents.

Submitted on briefs November 16, 1984, to Judges MacPhail, Doyle and Palladino, sitting as a panel of three.

*Robert V. Campedel, Zemprelli, Clipper & Campedel,* for petitioner.

*John F. Will, Jr., Will & Keisling,* for respondent, Penn State Services.

Opinion by Judge Doyle, August 27, 1985:

Richard H. Boyce (Claimant) appeals from the Order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision deny-

ing Claimant benefits under The Pennsylvania Workmen's Compensation Act (Act). Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

Claimant was employed as a salesman for Penn State Services for a period of eight months. On March 31, 1981, Claimant made two calls at prospective customers' homes in order to sell them Employer's basement waterproofing service. On the way home from his final call Claimant began to feel nauseous and, after arriving at his home, suffered vomiting and diarrhea. Claimant was taken to a hospital where it was determined that he had suffered a myocardial infarction. Claimant remained disabled after treatment for his condition and filed for workmen's compensation benefits. The referee denied benefits, finding that the heart attack was not causally related to Claimant's employment. The referee's decision was affirmed by the Board, and this appeal followed.

In a workmen's compensation case the burden is upon the Claimant to establish that a disabling condition is work related. *El-Ha'Kim v. Workmen's Compensation Appeal Board (Sharon Steel Corp.),* 79 Pa. Commonwealth Ct. 191, 468 A.2d 1170 (1983). Where, as here, the party with the burden of proof did not prevail below, our scope of review is to determine whether an error of law was committed, whether the findings of fact are consistent with each other and with the conclusions of law, and whether the findings can be sustained without a capricious disregard of competent evidence. *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981).

Claimant argues that the referee disregarded the competent medical evidence of Dr. Patsy A. D'Onofrio, Claimant's treating physician, who testified that

Claimant's heart attack was causally related to Claimant's stress at work. This testimony was contradicted by Employer's expert witness, Dr. Larry Hurwitz, who testified that there was no causal relationship between Claimant's heart attack and his work, and further, that had stress at work been a cause of the heart attack, it would have had to have been the result of an acute emotional and stressful situation. Claimant argues that the testimony of Dr. D'Onofrio should have been given more weight because, as his treating physician, she was more familiar with Claimant's condition. The weight given to medical testimony, however, is a matter to be resolved by the finder of fact. *Sledge v. Workmen's Compensation Appeal Board (Temple University)*, 78 Pa. Commonwealth Ct. 380, 467 A.2d 913 (1983). The referee specifically found Dr. Hurwitz to be the more credible witness, and we cannot disturb that determination.

Claimant also argues that, even assuming Dr. Horwitz' testimony to be true, there was indeed evidence that he had suffered an "acute stressful situation" prior to his heart attack. Claimant testified that he had been under chronic stress as a result of deliberately being given poor assignments which did not result in sales. Claimant further testified that on his last call before his heart attack, he was required to move boxes in the basement of a customer, and afterwards was "aggravated" that the call did not result in a sale. After a review of the record, we conclude that the referee did not capriciously disregard this evidence in reaching his decision. In other testimony Employer denied that Claimant had been deliberately given poor assignments. In addition, there was no evidence that Claimant's moving of boxes on the day of the attack was difficult or stressful. Indeed, Claimant himself testified that he felt fine physically upon leaving the

customer's house to return home. Based on this evidence, the referee was correct in concluding that there had been no acute stressful work situation on the day of the heart attack.

Claimant has also filed a supplemental brief with our Court in which he alleges that the Board abused its discretion in denying his Petition for Rehearing.[1] Our consideration of this issue is somewhat hampered by inadequacies in the record and inconsistencies in the pleadings.

Although we granted Claimant's Petition for Allowance to File a Supplemental Brief, Claimant's petition to the Board for rehearing was not attached to his petition here. It was also not included as part of the certified record from the Board, and the docket entries from that record fail to indicate that it was ever filed. Moreover, Claimant's Petition for Review filed with this court did not raise the rehearing issue. The only evidence that we have that it was filed is from the Claimant's reproduction of that petition in his "Partial Reproduced Record" filed in conjunction with his original brief. Of course, the subsequent filing of a supplemental brief raising a new issue does not in any manner excuse or preclude the necessity of amending the relevant pleadings.[2]

Regarding Claimant's pleadings, Claimant made contradictory statements in his Petition for Allowance to File a Supplemental Brief,[3] stating first that the

---

[1] While Claimant referred to his petition before the Board as one for rehearing, what he was actually seeking was a remand to the referee. *See Jones v. Workmen's Compensation Appeal Board (First Pennsylvania Bank)*, 76 Pa. Commonwealth Ct. 345, 463 A.2d 1266 (1983).

[2] We consider the Claimant's Petition for Allowance to File a Supplemental Brief filed with our Court in the nature of a pleading.

[3] The Petition for Allowance to File a Supplemental Brief addressed to this court was filed subsequent to the date the merits of the case had been submitted on briefs by both parties.

Board *denied* his petition for rehearing, and then, that the Board *failed to rule on the petition.*

Claimant's initial brief on the merits of the appeal filed with this Court stated affirmatively that the Board had *denied* his petition for rehearing. Employer never actually denied this fact in its brief, but framed its response rather on the assumption that there *was* such an order. In fact, a review of the certified record fails to disclose any such Board order. In *Leskin v. Workmen's Compensation Appeal Board (Coca-Cola Bottling Co. of New York),* 69 Pa. Commonwealth Ct. 569, 451 A.2d 1061 (1982), we held that absent a Board order on a petition for rehearing, this Court has nothing to review.[4]

In addition, we note that under Section 426 of the Act, 77 P.S. §871, the Board had eighteen months from the date of the order denying benefits (June 23, 1983) to make a determination on the petition for rehearing. Therefore, the Board needed to rule by December, 1984, after which Claimant would have had thirty days to appeal an *adverse* ruling to this Court. Subsequent to December, 1984, the Board lacked the authority to grant the petition for rehearing.[5] Thus, if

---

[4] In a subsequent decision, this Court agreed to hear the merits of this same appeal only when it was revealed that the petition *had* been denied by the Board and appealed to our Court, but that it had not been considered by the court due to a clerical error. *Leskin v. Workmen's Compensation Appeal Board (Coca-Cola Bottling Co. of New York),* 70 Pa. Commonwealth Ct. 539, 453 A.2d 715 (1982).

[5] Section 426 of the Act provides:

The Board, upon petition of any party and upon cause shown, may grant a rehearing of any petition . . . ; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee.

the Board has not yet ruled on this matter, it clearly lacks the power to do so now.[6]

In conclusion, this Court is thus faced with a situation in which it is impossible to verify not only whether a petition for rehearing was filed with the Board, but also whether, in the event that such a petition was filed, it was ever denied. Despite the failure to properly present this issue to our Court, however, a review of the merits of Claimant's petition reveals that even had the issue been properly before us, Claimant would not have prevailed.

The decision of whether to grant a rehearing is within the discretion of the Board and our review is limited to whether there has been an abuse of that discretion. *Young v. Workmen's Compensation Appeal Board (Britt & Pirie, Inc.)*, 72 Pa. Commonwealth Ct. 471, 456 A.2d 1150 (1983). Claimant's petition for rehearing requested that additional testimony be taken of Dr. Andres Ticzon, the cardiac specialist who performed Claimant's heart catheterization. Claimant contends that the referee gave "weight" to Dr. Tic-

---

[6] We leave open the question of whether, in order to prevent the Board from precluding an appeal by such inaction on *this* issue, a Claimant could, at the end of the eighteen month period, appeal the Board's refusal to rule as an "implied denial." The Claimant cannot be said to have done so in this case, since he pled and argued in his brief that there *was* a denial by the Board.

In addition, there remains the question of whether this Court's decision on the merits would prevent the Board from granting rehearing even though the eighteen month period has not run. Section 2(a) [995] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [995] provides in part:

Whenever the Workmen's Compensation Appeal Board shall grant a rehearing under section 426 of the act during the pendency of judicial review, the board shall file with the reviewing court a certified copy of its order granting such rehearing.

Because the eighteen month period has run in this case, we need not consider this additional issue.

zon's report as "substantive testimony" without Dr. Ticzon having testified as to his opinion. A review of the record reveals no merit to this contention. Dr. Ticzon's report was reviewed and used by Dr. Hurwitz as a foundation for his report of July 2, 1981 and deposition testimony taken February 16, 1982. Dr. Ticzon's report concerning Claimant's catheterization provided Dr. Hurwitz, the Employer's witness, with no more than the factual background necessary to formulate his opinion as to the cause of the heart attack. Nowhere did the referee conclude that the report itself was substantive medical testimony as to the cause of the heart attack. Indeed, there is no evidence in the record upon which such a conclusion could have been based. In addition, Claimant has made no claim that Dr. Ticzon was unavailable at the time of the original hearings. Therefore, the Board would not have abused its discretion in denying the petition for rehearing.

For the foregoing reasons we conclude that the referee committed no error in denying benefits to the Claimant. Accordingly, we affirm the Board's decision which upheld the referee's determination.

### Order

Now, August 27, 1985, the order of the Workmen's Compensation Appeal Board in the above referenced matter, dated June 23, 1983, is hereby affirmed.