Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Northeastern Precision Products Co. *v.* Estaquio Delgado, Appellant.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Joseph Lurie*, with him, of counsel, *Galfand, Berger, Senesky, Lurie & March*, for appellant.

*Edward R. Paul*, with him, of counsel, *LaBrum and Doak*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, December 2, 1975:

On January 27, 1965, claimant suffered a compensable back injury. He was awarded benefits on December 9, 1966, based on the disability terminating on April 11, 1966. Due to appeals, this award was not paid until July 10, 1970. From 1966 to 1969, appellant worked at his old job and wage. In September, 1969, he left that position and took employment in New Jersey. While in New Jersey, he received disability benefits from an injury which is not identified.

On July 17, 1970, one week after the lump sum payment of July 10, 1970, appellant filed this petition to modify, alleging his original disability had recurred and that he was then totally disabled. On October 4, 1970, appellant went to Puerto Rico, obtained employment, and on October 26, 1970, suffered a back injury for which he received total disability benefits from the Insurance Fund of Puerto Rico.

In 1972, hearings were held on the petition to modify. One physician testified for appellant and another for appellee. The referee found in favor of appellee, choosing to accept the testimony of appellee's physician and explained his reasons. The referee's decision was appealed and sustained by the Workmen's Compensation Appeal Board. This appeal followed and we must affirm.

The referee stated in the opinion he filed that he rejected the appellant's medical testimony as to the cause of the alleged total disability in 1972, being the 1965 injury, because appellant's physician stated expressly that when he examined appellant in 1972, he did not know of the intervening history of work and injuries. It is clear that this physician, being appellant's treating physician at the time of the injury, had other detailed knowledge that was relevant.

However, we cannot accept appellant's argument that lack of knowledge of the subsequent injuries was irrelevant and that it would be tantamount to a mistake of law for the referee to consider it.

As a second argument able counsel for appellant would persuade us to remand the case to the Workmen's Compensation Appeal Board for the appointment of an impartial physician because of the conflict in the medical testimony. Section 420 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §831, provides that "[t]he board, the department or a referee may appoint one or more impartial physicians. . . ." This power is clearly discretion-

ary. The appellant does not cite any authority nor have we found any that holds that a failure to exercise this discretionary power under the circumstances here involved is reversible error. We do not find it to be so.

Accordingly, we enter the following

ORDER

Now, December 2, 1975, the order of the Workmen's Compensation Appeal Board, dated December 12, 1974, dismissing appellant's petition to modify, is affirmed.