Imperial Food Products *v.* Mimo Tomarelli and the Workmen's Compensation Appeal Board. Imperial Food Products, Appellant.

Argued October 7, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Joseph A. Murphy,* with him *John R. Lenahan,* and *Lenahan, Dempsey & Murphy,* for appellant.

*Ralph J. Iori, Jr.,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, January 11, 1977:

On July 30, 1974, Mimo Tomarelli (claimant) filed a workmen's compensation claim petition under Section 108(n) of The Pennsylvania Workmen's Compensation Act[1] (Act), 77 P.S. §27.1(n), which provides, *inter alia,* as follows:

The term 'occupational disease' as used in this act, shall mean only the following diseases.
. . . .

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

The claimant alleged that he had suffered total disability as a result of pulmonary fibrosis and emphysema which were, in him, the result of exposure to flour dust during 49 years of employment in the baking industry.

The referee found that the claimant was so disabled for the reason alleged and awarded the benefits claimed against Imperial Food Products (appellant). The Workmen's Compensation Appeal Board (Board) affirmed the award and this appeal followed.

Our scope of review here, where the Board did not take additional evidence, is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact was not supported by substantial evidence. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The appellant has raised four issues in this appeal, the first being that the claimant's exposure to flour dust had rendered him totally disabled in 1967 and that a claim petition filed in 1974, therefore, was barred by the Act.[2] The referee found, however, that the claimant became "totally disabled on November 26, 1974," and we believe that this finding is sufficiently supported by the record.[3]

---

[2] When the claimant filed his petition, Section 315 of the Act, 77 P.S. §602, provided that all claims for compensation shall be brought within two years after the injury, including disability resulting from occupational disease.

[3] Although the claimant's physician testified that he had advised the claimant to get out of the baking industry as early as

The referee also found that the incidence of the claimant's occupational disease "is substantially greater in [the] occupation than in the general population," and the appellant next argues that this finding is not supported by the evidence, urging that it is based upon conjecture and speculation. The record shows, however, that the claimant's physician, a general practitioner who had known and treated the claimant for many years, testified that the claimant's condition had been caused by exposure to flour dust in his employment, that it was causally related to his occupation and that *the incidence of this disease was substantially greater in that occupation than in the general public.* While this may not have been the strongest evidence available on this issue, we believe that it is sufficiently substantial here to support the referee's finding.

The appellant's final two arguments are: (1) that the Board allegedly erred in its affirmance of the award by applying the wrong review standard, *i.e.,* the standard under Section 108(n) of The Pennsylvania Occupational Disease Act[4] (O.D. Act), 77 P.S. §1208(n), and; (2) that the referee improperly failed to appoint an impartial medical witness under Section

1967 due to the disabling effects of the claimant's long-time exposure to flour dust, he also testified that the claimant's condition had deteriorated since 1970 and that he first found the claimant to be totally disabled on November 24, 1974.

[4] Section 108(n) of the Act of June 21, 1939, P.L. 566, *as amended,* provides, *inter alia,* as follows:

The term 'occupational disease,' as used in this act, shall mean only the following diseases:

. . . .

(n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) *which are peculiar to the industry or occupation,* and (3) *which are not common to the general population.* (Emphasis added.)

420 of the Act, 77 P.S. §831. It is true that the Board's opinion here uses language and cites precedents which relate to the standard of review under the O. D. Act, but it is clear that the O. D. Act imposes a more *difficult* burden on a claimant than does the Workmen's Compensation Act.[5] Any error here, therefore, was harmless to the appellant. And, as to the authority of a referee or the Board to appoint an impartial medical witness when there is a conflict in the medical testimony, it is clear that such an appointment is discretionary. *Workmen's Compensation Appeal Board v. Delgado*, 22 Pa. Commonwealth Ct. 138, 348 A.2d 447 (1975). Consequently, the failure to exercise that discretion does not constitute reversible error where, as here, the referee chose to base his decision on the testimony of one of the medical witnesses. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.*, 22 Pa. Commonwealth Ct. 469, 349 A.2d 793 (1975).

The order of the Board is affirmed.

### ORDER

AND Now, this 11th day of January, 1977, the order of the Workmen's Compensation Appeal Board, dated February 19, 1975, is affirmed.

---

[5] 2 Barbieri, Pa. Work. Comp., §§7.05(1), 7.11.