C. W. Brown Coal Company and Rockwood Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Gilbert H. Brown et al., Respondents.

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Seymour A. Sikov,* with him *James L. Nardelli,* for petitioners.

*Joseph F. Grochmal,* with him *Roy Walters, Fried, Kane, Walters & Zuschlag,* for respondents, Eidemiller Enterprises, Inc. and Hartford Insurance Group.

OPINION BY JUDGE MENCER, November 20, 1981:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a

referee's decision which imposed liability upon C. W. Brown Coal Company (C. W. Brown) and its insurance carrier, Rockwood Insurance Company (Rockwood), for the payment of workmen's compensation benefits to Gilbert H. Brown (claimant). We affirm.

On June 18, 1971, claimant suffered a work-related injury to his back while employed by C. W. Brown. Claimant received workmen's compensation benefits for this injury until April 22, 1975. In May 1975, claimant began employment with Eidemiller Enterprises, Inc. (Eidemiller). As a result of an incident that occurred while he was working for Eidemiller, claimant again became disabled. Claimant then filed a claim petition against Eidemiller, alleging that he sustained a work-related injury while in the course of his employment. Claimant also filed a reinstatement petition against C. W. Brown, alleging that he suffered a recurrence of his 1971 injury. The referee imposed liability upon C. W. Brown and Rockwood after finding that claimant had suffered a recurrence of his 1971 injury, rather than a new injury or an aggravation of his old injury. When the Board affirmed the referee, this appeal followed.

The referee made the following relevant findings of fact:

FIFTH: The claimant testified that he had suffered a work-related injury on June 18, 1971 for which an Order was granted by this Referee; that he had returned to work; that on July 29, 1976, he again suffered an incident while working for Eidemiller Enterprises on afternoon shift, he was working at a quarry changing steel at which time he stepped in a hole while carrying a frame and twisted his torso. While stooping to hook up a cable, he felt severe pain in the face, arm and leg and that he was subse-

quently disabled and unable to work from the date of this incident. . . .

SIXTH: The claimant introduced into evidence by means of a deposition the testimony of Dr. Frank Pantalone. Dr. Pantalone had first examined the claimant on September 2, 1971 at which time he took a history of the claimant of having suffered an injury to his neck and back while in the employ of C. W. Brown. It was the testimony of the Doctor that between September 2, 1971 and June 30, 1978, the claimant had approximately 260 visits plus 365 physical therapy treatments under the direction of the Doctor. The Doctor further testified that the claimant had returned to work on various occasions doing duties other than those he was performing at the time of his injury. The Doctor had again examined the claimant on July 30, 1976 at which time he gave no history of any recurrence or any reinjury. The Doctor admitted the claimant to Jeannette Hospital from August 26, 1976 to September 8, 1976 for a persistent lumbo-sacral and cervical area pain and at no time during the in-patient stay did the claimant give any history of a re-injury. On July 5, 1978, it was the Doctor's opinion that the claimant's condition rendered him incapacitated, that he had a 50% limitation of neck motion and lower back limitation. The Doctor was further of the opinion that the condition that the claimant experienced was due to his accident of June 18, 1971. The Doctor further reiterated the claimant remains away from work presently because he never got better from his injury of June 18, 1971 although he was able to perform limited duties.

SEVENTH: [Eidemiller] introduced into evidence the testimony of Dr. Rex Newton. . . .

It was the Doctor's diagnosis that the claimant had rheumatic heart disease with mitral and aortic stenosis and that it was disabling. The Doctor further opined that the claimant had a mild lumbar and cervical tightness; that he was disabled from his formal duties because of his cardiovascular problems and he was disabled from heavy labor because of his cervical and lumbar problems. . . .

. . . .

NINTH: This Referee finds as a fact based on all the evidence received, both medical and lay, that on July 29, 1976, the claimant suffered a recurrence of an old injury of June 18, 1971 when at the time he was working with the defendant, Eidemiller Enterprises. He became numb in the face, arm, neck and left leg due to cardiovascular problems but at the same time the incident made symptomatic the prior problems due to his June 18, 1971 injury and that he was totally disabled and unable to work from July 29, 1976 to the present and into the future as a result of his June 18, 1971 injury and subsequent recurrence on July 29, 1976.

C. W. Brown and Rockwood argue that, when an employee is involved in a work-related incident which results in the aggravation or recurrence of a preexisting injury, the employer at the time of the *aggravation or recurrence* is responsible for workmen's compensation benefits. In our judgment, this is not an accurate statement of the law. We recognize that Section 301 (c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1), imposes liability upon an employer for "an injury to an employe, regardless of his previous physical condition, arising in the course of his

employment and related thereto, and such disease or infection as naturally results from the injury or is *aggravated, reactivated or accelerated* by the injury. . . ." (Emphasis added.) Section 413 of the Act, 77 P.S. §772, also provides, however, that "[a] referee . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award . . . upon petition filed by either party . . . upon proof that the disability of an injured employe has increased, decreased, *recurred,* or has temporarily or finally ceased. . . ." (Emphasis added.) Clearly, the legislature intended to differentiate between injuries that "recur," for which the first employer would be liable, and injuries that become "aggravated, reactivated or accelerated" because of subsequent employment, for which that later employer would be liable.

The issue, therefore, is whether the referee properly found that claimant's disability resulted from a recurrence of his 1971 injury. While the record contains conflicting medical evidence, claimant's treating physician, Dr. Pantalone, testified that claimant's present disability is a "continuance"[1] of the same problems he has been suffering from since 1971. Dr. Pantalone further opined that claimant's disability is a result of the 1971 injury, from which he never recovered. In the exercise of his fact-finding role, the referee was entitled to accept the credibility of this testimony. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

---

[1] The Board indicated in its opinion that the referee's use of the word "recurrence" was misleading and that the term "continuance" of the original injury would have been more appropriate. We agree with the Board that this distinction is not controlling in view of the testimony.

Therefore, we are satisfied that the referee's findings are supported by substantial evidence. However, the referee and Board erred in computing interest at the rate of 6 percent per annum, since Section 406.1 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1, calls for the computation of interest at the rate of 10 percent per annum. *Workmen's Compensation Appeal Board v. Branch Motor Express*, 18 Pa. Commonwealth Ct. 262, 334 A.2d 847 (1975).

Therefore, we issue the following

ORDER

AND Now, this 20th day of November, 1981, the order of the Workmen's Compensation Appeal Board, dated October 16, 1980, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Gilbert H. Brown and against C. W. Brown Coal Company and Rockwood Insurance Company in the amount of $60 per week, beginning July 29, 1976 and continuing until such time as disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on all deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, C. W. Brown Coal Company and Rockwood Insurance Company are directed to pay the following reasonable costs in the amounts provided:

| | |
|---|---|
| Dr. Pantalone | $2,665.00 |
| Jeannette Hospital | 1,919.35 |
| Gilbert H. Brown (reimbursement) | 63.97 |
| Deposition of Dr. Pantalone | 500.00 |

C. W. Brown Coal Company and Rockwood Insurance Company are further directed to pay 20 percent of the back compensation, due and owing, to claimant's attorney, Robert Weppelman.