Michael A. Lamanna, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Canterbury Coal Company, Respondents.

536

Argued October 5, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*James H. Owen, Nickleach and Owen,* for petitioner.

*George H. Thompson,* with him *Paul E. Sutter, Hirsch, Weise & Tillman,* for respondents.

OPINION BY JUDGE CRAIG, November 23, 1981:

Michael Lamanna, claimant, has appealed the Workmen's Compensation Appeal Board's affirmance of a referee's decision dismissing his claim petition.[1] Claimant's petition alleged total disability as a result of coal worker's pneumoconiosis.

Claimant's uncontradicted testimony was that he had been employed by respondent Canterbury Coal Company (Canterbury) from 1961 through 1978, and that he had been exposed to coal dust at work for approximately 48 years.

---

[1] Filed under The Pennsylvania Worker's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

Claimant raises two issues on this appeal. Did the referee capriciously disregard competent medical evidence?[2] Did the referee or the board err as a matter of law in failing to appoint an impartial physician to examine claimant and make a report?

With respect to the first issue, the referee was confronted by two divergent medical opinions. Claimant's physician testified that claimant has coal worker's pneumoconiosis and is disabled from it. Canterbury's physician testified that claimant does not have coal worker's pneumoconiosis, does not have any significant respiratory impairment, and is able to return to work without any restrictions due to pulmonary problems. The referee found the evidence submitted by Canterbury's physician more persuasive than that of claimant's physician.

Dr. Garrettson who testified for Canterbury is board certified in internal medicine. After performing a complete pulmonary evaluation, he concluded and testified that an x-ray of claimant revealed no evidence of coal miner's pneumoconiosis. Dr. Garrettson also conducted pulmonary function studies which he felt were representative of a normal spirogram.

Dr. Garrettson's deposition constitutes evidence which could lead a reasonable person to doubt the contrary evidence offered by claimant's physician.[3] The referee's acceptance of the medical opinion of one

[2] In workmen's compensation cases, where the decision below is against the party with the burden of proof, this court's scope of review is limited to determining whether findings of fact are consistent with each other and with the conclusions of law and whether the findings can be sustained without capricious disregard of competent evidence. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 594, 377 A.2d 1007, 1009 (1977).

[3] To constitute capricious disregard, there must be a "willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge

physician over that of another does not constitute capricious disregard where, as here, the referee had relevant evidence to support his conclusions. *Wilson v. International Peripheral Systems, Inc.,* 58 Pa. Commonwealth Ct. 38, 427 A.2d 293 (1981).

Claimant's second position is that in view of the conflict between the testimony of the two physician witnesses the referee and the board erred in refusing to appoint an impartial physician to examine claimant pursuant to Section 420 of the Act.

Aside from the fact that claimant's contention ignores the basic principle that the referee can resolve conflicting medical testimony by believing one physician's opinion and not that of the other, claimant's position is not consistent with the plain words of Section 420.[4]

This court has held that the authority of a referee or of the board to appoint an impartial medical witness, when there is a conflict in medical testimony, is discretionary. *Workmen's Compensation Appeal Board v. Delgado,* 22 Pa. Commonwealth Ct. 138, 348 A.2d 447 (1975). The referee's failure to exercise his discretion to appoint an impartial examiner does not constitute reversible error, where, as here, the referee

or entertain the slightest doubt as to its truth." *Bullock v. Building Maintenance, Inc.,* 6 Pa. Commonwealth Ct. 539, 542-43, 297 A.2d 520, 522 (1972).

[4] Section 420 provides in pertinent part as follows:

The Board, the Department or a Referee, if it or he deem it necessary, may, of its or his own motion, either before, during, or after any hearing, make or cause to be made an investigation of the facts set forth in the Petition or answer or facts pertinent in any injury under this Act. The Board, Department or Referee may appoint one or more impartial physicians or surgeons to examine the injuries of the plaintiff and report thereon or may employ the services of such other expert as shall appear necessary to ascertain the facts.

77 P,S. §831.

chose to base his decision on the testimony of one of the parties' medical experts. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corporation*, 22 Pa. Commonwealth Ct. 469, 349 A.2d 793 (1975).

Section 420 clearly states that appointment of an impartial examiner is discretionary with the board. This court has held that Section 420 provides no special exceptions to the board's scope of review, and hence only applies where the board may make independent factual findings. Only where the referee's findings are not supported by competent evidence is it proper for the board to appoint an impartial expert. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

Therefore we find that neither the referee nor the board erred in failing to appoint an impartial examiner.

Accordingly, we affirm.

### ORDER

Now, November 23, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-77784 dated May 30, 1980, is affirmed, and the claimant's appeal is dismissed.