Martin W. Wingert, Petitioner *v.* Workmen's Compensation Appeal Board (Getty Refining & Marketing Co.), Respondents.

Argued April 4, 1983, before Judges Rogers, Williams, Jr. and Barbieri, sitting as a panel of three.

*Michael P. McIntyre,* for petitioner.

*Edward H. Feege, Hayes and Feege, P.C.,* for respondent, Getty Refining & Marketing Co.

OPINION BY JUDGE WILLIAMS, JR., December 8, 1983:

Martin W. Wingert (claimant)[1] appeals here from the Workmen's Compensation Appeal Board's (WCAB) affirmance of a referee's decision effectively denying compensation to the claimant.

The claimant was employed by the Getty Refining & Marketing Co. (employer) as a yardman at its Macungie, Pennsylvania, place of business, a position which occasionally required strenuous physical labor. On January 13, 1976, in the course of his yardman duties, the claimant fell on ice and hit his back. Experiencing some back discomfort, he notified his supervisor of the accident and left work. The claimant was subsequently assigned light duty work.[2]

---

[1] The claimant's claim petition was filed under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

[2] The claimant was given light duty as an assistant to the yard foreman in which he continued his employment with no loss of earnings until April 1, 1977 when that position was eliminated by the employer in anticipation of the closing of its place of business in Macungie. On April 1, 1977, the employer offered the claimant continued employment at its places of business in either Newark, New Jersey or Philadelphia, Pennsylvania, only as a yardman or truck driver. The claimant declined the proffered work and discontinued his active employment with Getty on April 1, 1977. Getty, however,

After the claimant was examined and treated by several doctors, he was referred to Dr. Sussman, a board certified orthopedic surgeon. After the claimant underwent a myelogram, Dr. Sussman diagnosed his condition as a degenerative lumbar disc with nerve root pressure which resulted from his fall at work.

The claimant was also examined by Dr. White, a board certified orthopedic surgeon on July 22, 1977, May 18, 1978 and March 23, 1979. Dr. White also examined the X-ray films of the claimant's myelogram and rendered the opinion that there was no objective evidence of any physical abnormality which was causing the pain of which the claimant complained. Furthermore, in Dr. White's opinion the claimant was capable of performing the duties of a yardman as of the date of his first examination of the claimant, July 22, 1977 and thereafter.

In taking this appeal, the claimant raises two issues. Did the WCAB and the referee err in failing to appoint an impartial physician to examine the claimant?[3] Did the WCAB err in not finding that the ref-

made disability payments to the claimant from April 1, 1977 through December 3, 1977 and on approximately December 11, 1977, removed the claimant from its employment rolls.

[3] Section 420 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §831 provides as follows:

The board, the department or a referee, if it or he deem it necessary, may, of its or his own motion, either before, during, or after any hearing, make or cause to be made an investigation of the facts set forth in the petition or answer or facts pertinent in any injury under this act. The board, department or referee may appoint one or more impartial physicians or surgeons to examine the injuries of the plaintiff and report thereon, or may employ the services of such other experts as shall appear necessary to ascertain the facts. The report of any physician, surgeon, or expert appointed by the department or by a referee shall be filed with the board or referee, as the case may be, and shall be a part of the record and open to inspection as such.

eree had capriciously disregarded competent medical testimony?

While recognizing that the WCAB and the referee have broad discretionary power to appoint an impartial physician,[4] nevertheless, the claimant contends that the WCAB and the referee abused that discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused. *Mielcuszny v. Rosol,* 317 Pa. 91, 176 A. 236 (1934); *Forthuber v. City of Pittsburgh,* 67 Pa. Commonwealth Ct. 627, 447 A.2d 1106 (1982). A careful reading of the extensive record in this case reveals no such abuse.

The referee, here, was confronted with two divergent medical opinions, each rendered by a board certified orthopedic surgeon. In performing his functions as fact finder, the referee accepted the opinion of Dr. White over that of Dr. Sussman. Under such circumstances, the referee's choice to base his decision on the competent testimony of one of the parties' medical experts and not to appoint an impartial physician does not constitute reversible error. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corporation,* 22 Pa. Commonwealth Ct. 469, 349 A.2d 793 (1975). Moreover, while Section 420 clearly states that appointment of an impartial physician is discretionary with the WCAB, this Court has held that Section 420 provides no special exceptions to the WCAB's scope of review, and hence only applies where the WCAB may make independent factual findings, *i.e.,* only where the referee's findings are not supported by

---

[4] *See Workmen's Compensation Appeal Board v. Delgado,* 22 Pa. Commonwealth Ct. 138, 348 A.2d 447 (1975).

competent evidence.[5] Only under such circumstances is it proper for the WCAB to appoint an impartial physician. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). Forasmuch as the referee's decision was based on such competent evidence, it follows that the WCAB did not err in not appointing an impartial physician.[6]

The second issue raised by the claimant is whether the referee and the WCAB capriciously disregarded competent medical evidence. To constitute capricious disregard there must be a willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge. *Lamanna v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 535, 437 A.2d 465 (1981). There is no such capricious disregard here. Dr. White's testimony constitutes evidence which could lead a reasonable person to doubt the contrary testimony offered by the claimant's physician. The referee's acceptance of the medical opinion of one physician over that of another does not constitute capricious disregard where, as here, the referee had relevant evidence to support his conclusions.[7] *Wilson v.*

---

[5] Where, as here, WCAB takes no additional evidence, the referee is the ultimate factfinder as to questions of credibility, conflicting medical evidence, and the weight to be given the evidence. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980).

[6] In regard to the claimant's request to the referee to appoint an impartial physician, this Court has held in *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975), that Section 420 does not authorzie such petitions, nor does it require the referee or the WCAB to rule on such petitions if presented even though such a ruling would be preferred.

[7] The claimant also asserts that there were certain admissions as to the claimant's ability to work after July 21, 1977 made by representatives of the employer, who were former supervisors of the

*International Peripheral Systems, Inc.*, 58 Pa. Commonwealth Ct. 38, 427 A.2d 293 (1981). Consequently, the referee's resolution of the credibility of the medical witnesses and the weight to be accorded to the testimony of the various witnesses could not be disturbed by the WCAB, nor can it be disturbed by this Court.

## ORDER

AND Now, this 8th day of December, 1983, the decision of the Workmen's Compensation Appeal Board, Docket No. A-80319 dated January 14, 1982, is affirmed.

---

claimant, and that these admissions require that credibility be resolved in favor of the claimant's witnesses. Such an argument goes to the weight to be accorded to the various witnesses' testimony and, as has been noted above, that is the exclusive province of the factfinder.