## Wheeling-Pittsburgh Steel Corp. v. Alexander & Alexander, Inc.

*Joseph F. McDonough,* for plaintiff.

*Daniel J. Weis,* for defendant Alexander & Alexander, Inc.

*Bernard J. McAuley,* for defendant CNA Financial Corporation.

WEIR, *J.,* August 2, 1984—This is a case in which a jury answered interrogatories and the trial judge then entered an order pursuant to the declaratory judgment provisions of the Judicial Code (42 Pa.C.S. 7531, et seq.), and Rules 1601, 1602, et

seq., of the Rules of Civil Procedure, requiring defendants, Alexander and Alexander (A&A) and CNA Financial Corporation (CNA), to take over the defense of a case in which plaintiff Wheeling-Pittsburgh Steel Corporation (Wheeling) is being sued in the courts of West Virginia, as well as to pay whatever judgment results therefrom, and to reimburse Wheeling for its expenditures on said West Virginia case. Both defendants have moved for a new trial and judgment n.o.v. Defendant Continental Casualty Corporation is one and the same with CNA for purposes of the present case.

A&A has acted as insurance broker for Wheeling and has purchased such insurance from CNA. When Wheeling is sued it sends the papers to A&A which turns them over to CNA, which undertakes the defense. There was evidence to the effect that CNA usually does not formally notify Wheeling that it is doing so.

Wheeling operates in the State of West Virginia which for a period of time experimented with a deviation in its law which permitted an employee to sue his employer for work-related injury if caused by egregious fault of the employer. Such cases became known as Mandolidis type cases. Wheeling was sued by two of its employees for injuries resulting from separate work-related accidents, in which cases the employees (Blankenship and Rockaway) invoked the Mandolidis rule and sought damages in excess of workmen's compensation benefits. When their suit papers reached CNA in normal course, the carrier refused coverage in both instances but arranged for time for Wheeling to undertake defenses on its own, which it did. Then a third employee of Wheeling, named Coury, brought a Mandolidis type suit which is the subject of the present case.

There is no doubt that the Coury suit papers were sent to A&A by Wheeling and were received, but there is no documentary evidence that A&A forwarded them to CNA, which denies having received them. Meanwhile, Wheeling did not hear from either A&A or CNA and consequently it did nothing, and later learned that a default judgment on liability had been entered against it in the Coury case. Wheeling succeeded in having this judgment opened in the trial court, but it was reinstated on appeal and the Coury case is pending only on the matter of damages.

Subsequently Wheeling brought suit against CNA for its refusal to defend the several Mandolidis type cases, and this suit was settled prior to the trial of the case at bar. In this settlement, CNA reversed its position and conceded that the insurance which it sold to Wheeling does cover Mandolidis type lawsuits and it agreed to reimburse Wheeling for the two cases which it had rejected. However, it refused to enter into the Coury case or to pay for it on the ground that it had not received notice in this instance. However, it also agreed as a part of the written settlement that it would have refused to defend Coury, even if it had received the suit papers, because of its position at that time that there was no coverage in the insurance policy.

The present case was brought in both assumpsit and trespass seeking damages from defendants for legal expenses incurred by Wheeling in the Coury suit. At the commencement of trial, an amendment was permitted to include declaratory relief. In respect to the complaint in assumpsit, the jury answered interrogatories to the effect that both A&A and CNA had breached their contractual obligations to plaintiff. The jury was also questioned in respect

to the complaint in trespass on a comparative negligence basis and attributed fault to A&A in the amount of 60 percent, to CNA in the amount of 30 percent and to Wheeling in the amount of 10 percent.

The answers to the interrogatories relating to the complaint in trespass would be of consequence only if the jury had not found a breach of contractual duty on the part of defendants, in which event the result to be reached would depend upon comparative negligence. However, it is obvious that ordinary negligence is not relevant where the harm has been found to result from breach of contract. And there was no lack of evidence from which the jury could find breach of contract by defendants. It could find that CNA wrongfully refused to act upon receipt of the suit papers, and at the same time find that A&A failed in its duty to follow through in behalf of its client, Wheeling.

The argument is advanced by CNA that the court erred in not submitting a special interrogatory on whether CNA received the suit papers, in addition to the interrogatories on negligence. This argument does not appear very cogent in view of the jury's finding on breach of contract, but there is another consideration also.

As has been said previously, CNA had taken the firm position that it did not owe coverage to Wheeling on Mandolidis type cases and, more importantly, concedes that this position had not changed at the time that it would have received the Coury papers. It appears to be the law of Pennsylvania and generally throughout the nation that when an insurance carrier denies coverage for a claim it waives those provisions of the policy which, like notice, are intended for its own protection. In Murphy & Com-

pany v. Manufacturers Casualty Company, 89 Pa. Super. 281 (1926), it is said that "the insurance company's initial repudiation of the contract in denying liability under the policy relieved the insurer [sic] of strict performance of those provisions intended for the protection of the insurer only if it recognized the liability and assumed charge of the matters relating to the claim . . . ." In Murphy, the Superior Court also quotes Justice Holmes in St. Louis Dressed Beef Co. v. Maryland Casualty Co., 201 U.S. 173, in saying "The defendant by its refusal cut at the very root of the mutual obligation and put an end to its right to demand further compliance with the supposed term of the contract on the other side." Although there seems to be a paucity of cases on this subject in Pennsylvania, it does not appear that Murphy has been overruled and other cases cited therein indicate that this is the law of a number of states. In Nauylt v. State Farm Insurance Co., 378, N.E.2d 1228 (Ill. App. 1978) it is said that "Further it is well settled in Illinois that an insurance carrier that mistakenly denies the existence of coverage to an insured is subsequently barred from asserting a defense that the insured failed to comply with any condition of that policy."

We are not saying necessarily that an insured such as Wheeling, which has the financial capability of defending itself, may knowingly and deliberately fail to act to protect both itself and its carrier since there is an obligation to mitigate damages on the part of one who has knowledge and the opportunity to do so. But that is not the situation here. The worst that can be said of Wheeling is that it should have checked with A&A, and the jury apparently had a mild feeling to this effect as reflected in the now irrelevant interrogatories relating to the negli-

gence complaint. Definitely Wheeling did not know that the Coury case was not being defended, and it demonstrated its good faith immediately when this was discovered. This then seems to be a proper case for the application of the rule of Murphy and Company v. Manufacturers Casualty Company, supra.

A&A and CNA argue that the order entered in this case is defective because Coury is an indispensable party in the declaratory judgment action. Cited for this proposition is Township of Pleasant v. Erie Insurance Exchange, 22 Commw. 348, 348 A.2d 447, (1975), which says that

". . . where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a Declaratory Judgment action on the issue of coverage between the insured and the insurance carrier. The failure to join a claimant whose interest would be affected has been held to be fatal error."

In response, Wheeling asserts that the most recent declaratory judgment statute causes Township of Pleasant to be inapplicable, but this need not be decided. The important thing is that Coury's interest has not been adversely affected by the present case. As a practical matter, he is not concerned with this case since he has a judgment against Wheeling which he cannot lose. Viewed theoretically, it might conceivably have been a concern of his prior to the trial of this case on the assumption that Wheeling could become bankrupt and preliminary objections might have been arguable if they had been filed. Now, however, the only possible way that Coury's interest would be adversely affected would be by the granting of a new trial so that the issue of Indispensable Party is moot.

An argument is made by CNA that the court erred in not permitting the reading of a part of the settle-

ment agreement between CNA and Wheeling which was offered to explain the reversal of CNA of its position on Mandolidis coverage, and which was objected to by A&A. This was clearly inadmissible since the reason for this mistake by CNA in interpreting the insurance contract is irrelvant. Also, as to A&A it would be self-serving hearsay.

A&A advances an additional argument against the amendment permitting the declaratory judgment action to the effect that a trespass action is not a proper case for declaratory relief because it is not included in the statute, namely, 42 Pa.C.S. §7533. Granting that this is true, the argument completely overlooks the fact that the order which is the subject of the attack is based not upon negligence but upon breach of contract, which is clearly within the statute. Apart from the other arguments which have been made, and considering only the amendment permitting declaratory relief, it can be said that, if the Declaratory Judgment Statute is to have any meaning, the present case illustrates an ideal situation for its application.

## ORDER

And now, this August 2, 1984, the motion of defendants, Alexander and Alexander, Inc. and CNA Financial Corporation and Continental Casualty Corporation, for judgment non obstante veredicto and for a new trial are hereby denied, in accordance with the opinion filed herewith. Judgment to be entered upon payment of appropriate fee.