Warren W. Clark, Petitioner *v.* Workmen's Compensation Appeal Board (Lubri Kup Company and PMA Insurance Company), Respondents.

Argued September 12, 1984, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*John P. Pietrovito, Candor, Youngman, Gibson & Gault,* for petitioner.

*Robert A. Seiferth, Liebert, Short, Fitzpatrick & Lavin,* for respondents.

OPINION BY JUDGE BARBIERI, November 8, 1984:

Warren W. Clark, Claimant, appeals here the action of the Workmen's Compensation Appeal Board (Board) in affirming a referee's dismissal of Claimant's Petition to Set Aside Final Receipt.

The sole issue presented by Claimant, unique and certainly of first instance, is whether or not it was an abuse of discretion by the referee to refuse Claimant's request for the appointment of an impartial

physician under Section 420 of the Pennsylvania Workmen's Compensation Act (Act),[1] where Claimant's indigency made it impossible for him to procure the services of his own medical witness, in that the failure to honor Claimant's request for appointment of an impartial physician "deprived him of the right to a fair hearing."[2] Claimant concedes, of course, that he has not met his burden to prove that his disability attributable to the original injury on November 1, 1978 had not in fact terminated when he executed the final receipt on March 21, 1979. He concedes, also, as has long been settled by law, *Workmen's Compensation Appeal Board v. Delgado,* 22 Pa. Commonwealth Ct. 138, 348 A.2d 447 (1975), that the referee's statutory authority to appoint an impartial physician is entirely discretionary and that the failure to exercise that discretion does not constitute reversible error; but he argues, nevertheless, that there is a special responsibility imposed upon the referee by the terms of Section 420 to provide aid, including expert witness testimony, when needed by an indigent claimant.[3] He presents no authority in support of this contention, relying solely upon the terms of Section 420, the relevant portions of which read:

> The Board, the department or referee, if it or he deem it necessary, may, of its or his own motion, either before, during, or after any hearing, . . . appoint one or more impartial physicians or surgeons to examine the injuries of the plaintiff and report thereon, . . . [and] . . . [t]he Board or referee, as the case may be, shall fix

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §831.

[2] Petitioner's Brief, page 7.

[3] This is not the case of an uncounseled claimant; Claimant here has been represented throughout the proceedings.

the compensation of such physicians, surgeons, and experts, which, when so fixed, shall be paid out of the sum appropriated to the Department of Labor and Industry for such purpose.[4]

In our extensive consideration of Section 420 in the past, it has been made clear that while either party has a right to demand the appointment of an impartial physician, such appointments are solely within the discretion of the referee, *Lamanna v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 535, 437 A.2d 465 (1981); *Costanzo v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 249, 410 A.2d 967 (1980); *Imperial Food Products v. Tomarelli*, 28 Pa. Commonwealth Ct. 150, 367 A.2d 732 (1977).

In *Tomarelli* we stated:

Consequently, the failure to exercise that discretion does not constitute reversible error where, as here, the referee chose to base his decision on the testimony of one of the medical witnesses.

It is our conclusion, therefore, that the refusal of the referee to appoint an impartial physician in the absence of medical testimony on Claimant's behalf by reason of Claimant's indigency, was within the referee's discretion and not an abuse thereof.[5] Accordingly, we will affirm.

---

4 The final phrase in Section 420, as to charging the witness' compensation to the Department is found at 77 P.S. §832.

5 In so ruling, we do not approve or disapprove the referee's comments in his DISCUSSION, as follows:

It is my understanding that this discretion is to be exercised when the referee wishes assistance in helping him decide a case. I feel it would be improper for a referee to actively solicit evidence on behalf of one of the parties.

ORDER

Now, November 8, 1984, the order of the Workmen's Compensation Appeal Board at No. A-85370, dated September 8, 1983, dismissing Claimant's Petition to Set Aside Final Receipt, is affirmed.