526 A.2d 472

Westmoreland County Institution District and PMA Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Jacobs), Respondents.

Submitted on briefs October 9, 1986 to Judges BARRY, COLINS, and PALLADINO, sitting as a panel of three.

*Dennis N. Persin,* with him, *H. Reginald Belden, Jr., Stewart, Belden, Herrington & Belden,* for petitioner.

*Alexander J. Pentecost,* with him, *Amiel B. Caramanna, Jr.,* for respondent, Coral Jacobs.

OPINION BY JUDGE PALLADINO, June 2, 1987:

Westmoreland County Institution District and Pennsylvania Manufacturers Association Insurance Company (Petitioners) petition for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to reinstate the total disability benefits of Coral Jacobs (Jacobs).

Jacobs sustained a work-related injury while employed by Westmoreland County Institution District on July 4, 1976. Thereafter, in 1977, Petitioners entered into an agreement to compensate Jacobs for total disability. In September of 1978, Petitioners filed a Suspension Petition which, for hearing purposes, was consolidated with a Termination Petition also filed by Petitioners. After several hearings on the consolidated petitions, the referee found that:

> THIRTEENTH: This Referee finds as a fact based on all the evidence received, both medial [sic] and lay, that the claimant's disability has modified from one of total to one of partial as evidenced by the credible testimony of Dr. J. B. Peterson and Dr. Doherty. This Referee further feels that the defendant, through its employment expert, has shown that there are jobs available that this claimant could perform with her disability and educational background and in her labor market area; that she exhibits a reluctance to attempt to do any type of work whatsoever except something that might be found in her former employer's jurisdiction. With this thought in mind, this Referee is of the opinion and finds as a fact that the defendant has substantiated its burden of proof of showing that there is work available in the claimant's labor market area that she can perform with her disability and educational background.

In a decision dated October 29, 1980, the referee dismissed the Termination Petition concluding that Petitioners failed to establish that all disability of Jacobs had ceased. However, the referee concluded that Petitioners did meet their burden of proving that Jacobs' disability changed from total to partial and that work was available to Jacobs. Petitioners' Suspension Petition was granted effective January 16, 1980. Jacobs appealed the referee's October, 1980 decision to the Board which affirmed the referee's decision on June 19, 1981.

In the interim, Jacobs filed a Reinstatement Petition on January 15, 1981 wherein she alleged that she was totally disabled and was unable to secure light sedentary employment. After several hearings, the referee found that "The claimant remains totally disabled for [sic] her former job, and that suitable alternative available work has not been proved to be available in the local exonomy [sic]." Petitioners were then ordered, on August 11, 1983, to pay compensation for total disability to Jacobs beginning January 15, 1981 and continuing until May 12, 1982. From May 12, 1982 to October 2, 1982 Jacobs was held to be entitled to partial disability benefits because Jacobs had partial disability earnings during that time from a job as a companion to an elderly lady. The referee held that Jacobs was "forced to stop this job on October 3, 1982 because she was not able to perform the full duties required because of her disability." Accordingly, the referee ordered that total disability benefits were to resume and continue indefinitely. Petitioners appealed the August 11, 1983 decision of the referee to the Board which affirmed the referee's decision. Petitioners then filed their appeal with this court.

Petitioners only contention before this court is that the Board erred in affirming the decision of the referee because the referee did not place upon Jacobs the burden of proving, by medical testimony, that her disability

increased, recurred or changed after the date of the referee's previous decision of partial disability.

Section 413 of The Pennsylvania Workmen's Compensation Act,[1] provides in pertinent part:

> A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

This section has been interpreted to require a claimant, who has filed a petition for reinstatement to sustain the burden of proving that the disability has recurred or increased after the date of the prior award. *H. Halloran Construction Company v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 272, 395 A.2d 325 (1978); *Workmen's Compensation Appeal Board v. Booth and Flinn Company,* 18 Pa. Commonwealth Ct. 369, 336 A.2d 448 (1975). In those cases, however, the claimant's benefits had been terminated, not merely suspended.

We find that *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express),* 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985), controls. In *Venanzio,* we held that the burden of proof on a claimant who petitions to have a suspension lifted is different from the burden on a claimant who petitions for reinstatement. A claimant seeking to have a suspension lifted is required to demonstrate only that he remained disabled. In the case at bar, Jacobs' benefits had been

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

suspended. Therefore, Jacobs was required to demonstrate that she remained disabled. Jacobs has presented, and the referee accepted as fact, the uncontroverted testimony of Dr. Samuel Sherman who opined that Jacobs is one-hundred percent disabled from performing her pre-injury employment as a housekeeper. Therefore, Jacobs has met the burden of proof with respect to her disability which is required of a claimant who seeks to have suspended benefits reinstated.

We conclude that it was not error for the Board to affirm the referee's order because a claimant whose benefits are merely suspended and not terminated, is not required to show that her disability has increased, recurred or changed after the date of the referee's previous determination. The order of the Board is affirmed.

## ORDER

AND NOW, June 2, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.

Judge COLINS dissents.