529 A.2d 103

H. K. Porter Company, Petitioner *v.* Workmen's Compensation Appeal Board (O'Connor), Respondents.

Submitted on briefs December 12, 1986, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Robert A. Detweiler,* for petitioner.

*Marc S. Jacobs,* for respondent.

OPINION BY JUDGE PALLADINO, August 6, 1987:

H.K. Porter Co. (Petitioner) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which dismissed Petitioner's appeal and affirmed a decision of the referee.

Stephen J. O'Connor (Claimant) filed a Claim Petition alleging that on September 10, 1979 he sustained a back injury as a result of lifting a spool of wire while in the course of his employment. Petitioner, self-insured at that time, issued a Notice of Compensation Payable and began payment of compensation to Claimant. Petition-

er, however, also filed a Petition for Review asserting that Claimant's injury was actually a reoccurrence of a prior work-related injury sustained by Claimant on May 10, 1977. Petitioner asserted that although Claimant was in its employ on May 10, 1977, Pennsylvania Manufacturer's Association (PMA) was the insurance carrier and, therefore, PMA should be liable for payment to Claimant. A hearing was held before a referee who found that Claimant, in light of the medical opinion of his treating orthopedist, suffered a new work-related injury on September 10, 1979 in the form of an aggravation of his pre-existing back condition. Therefore, the referee concluded that Petitioner and not PMA, was liable for payment of compensation to Claimant. Petitioner then appealed to the Board which affirmed the referee.

On appeal to this court, Petitioner asserts that the Board erred in affirming the referee because the finding that Claimant sustained a new injury on September 10, 1979 is not supported by substantial evidence. Petitioner asserts that the following testimony of Dr. Charles Hummer, Claimant's treating physician, upon which the referee and the Board relied, does not support a conclusion that Claimant sustained a "new injury" rather than a reoccurrence of his 1977 injury:

Q. Now Doctor, . . . Do you have an opinion as to whether Mr. O'Connor had full recovered from his injury of 5/10/77 before his admission at Riddle on 10/5/79? First of all, do you have an opinion?

. . .

A. I think to understand the opinion, you must understand what we're dealing with. What we are dealing with is a structural defect in the spinal column which predisposes patients to have symptomatic mechanical low back pain. So that, patients who have spondylolisthesis are

prone to have recurring episodes of back pain such as this patient exhibited.

To attempt to pick out a single time in the process of or the development of this condition is very difficult in an attempt to say at this point he's better and he's not better, or something is happening. It's a continuum of events. And I think in one of my letters to somebody, I said that an injury which he had on 9—well, *an injury which he had in September of 1979 aggravated his pre-existing condition.*

It certainly did not cause the spondylolisthesis. But, the fact that the spondylolisthesis existed made him more prone to have this kind of problem and to—to have symptoms. It's because of these recurring episodes of back discomfort that surgery was eventually required.

So, my opinion is that I can't give you a clear-cut yes or no to your question.

N.T. at 7-9 (emphasis added).

Petitioner argues that because Doctor Hummer said, "I can't give you a clear-cut yes or no to your question," that his opinion does not constitute substantial evidence. However, Petitioner has neglected to take note of the question posed to Dr. Hummer. The question asked of the doctor was whether claimant has *fully recovered* from his 1977 injury before his admission to Riddle Memorial Hospital on 10/5/79 for surgery. The answer given by the Doctor that he could not give a clear-cut response, however, is not dispositive because Section 301(c) of The Pennsylvania Workmen's Compensation Act[1] (Act) does not require full recovery from a pre-existing condition as a prerequisite to recovery for a subsequent work-related injury. *C.W. Brown Coal v.*

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

*Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 539, 437 A.2d 458 (1981).

The issue, therefore, is whether the referee properly concluded that claimant's injury was an aggravation of his pre-existing back condition. A referee, as the judge of credibility, has broad discretion and may accept or reject a medical witness' testimony, in whole or in part. *Hines v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 371, 440 A.2d 664 (1982). While the record contains conflicting medical evidence, the referee specifically found Dr. Hummer's testimony to be more credible:

> 8.   That I have reviewed and accept the opinion of Dr. Charles Hummer, the treating orthoped [sic], that the Claimant suffered a new work-related injury on September 10, 1979, in the form of an aggravation to a pre-existing condition. I further find and accept the testimony of the Claimant although he suffered minor injury at work in May of 1977, he lost no time from work between May 1977 and his work-related injury of September 10, 1979; received no payments of compensation; and that as of the morning of September 10, 1979, was suffering no problems with his back prior to the new injury.
> 10.   I reviewed and I specifically reject the testimony of Dr. Richard Kaplan that the Claimant's disability was a result of a re-occurrence of a 1977 injury.

The above-quoted testimony of Dr. Hummer states "an injury which he had in September of 1979 aggravated his pre-existing condition." This constitutes substantial evidence to support the referee's findings. In the exercise of his fact-finding role, the referee was free to accept the credibility of this testimony. *C.W. Brown.* Be-

cause the findings are supported by substantial evidence, we will not disturb them on appeal.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, August 6,1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.