533 A.2d 186

Pennsylvania Manufacturers' Association Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 17, 1987, to Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*David C. Toomey,* with him, *Robert L. Pratter* and *Carolyn Mills, Duane, Morris & Heckscher,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Senior Judge Barbieri, November 6, 1987:

Pennsylvania Manufacturers' Association Insurance Company (Employer) appeals an order of the Unem-

ployment Compensation Board of Review granting benefits to its employee Peter F. Smith (Claimant). We affirm.

Claimant was last employed by Employer as a commission salesman on June 10, 1985. He was discharged for "unprofessional work ethics," specifically for placing insurance policies through brokers not designated by the company. Claimant immediately filed for benefits and the Office of Employment Security (OES) issued a determination which allowed benefits to Claimant, with notice of determination being mailed to Employer at the following address: The PMA Group, 925 Chestnut Street, Philadelphia, Pennsylvania. Thirteen days later Employer filed a notice of appeal. The enclosed cover letter was on PMA letter head and gave a reply address of PMA Building, 925 Chestnut Street, Philadelphia, Pennsylvania. Consequently, the OES mailed a notice of hearing on the original appeal to: PMA, 925 Chestnut Street, Philadelphia, Pennsylvania. Employer never appeared at the hearing and the referee held the hearing in its absence, finding for Claimant. The referee then sent out the notice of his determination to: PMA, 925 Chestnut Street, Philadelphia, Pennsylvania. Employer promptly filed a petition for appeal to the Board requesting a remand on the grounds it had never received notice of the hearing. The Board ruled that the notice of hearing was not returned by the postal authorities, therefore Employer must have received it, and dismissed the appeal.

On appeal to this court, Employer now contends that it is in fact not PMA, but more properly Pennsylvania Manufacturers' Association Insurance Company (PMAIC) and that the notices sent out were addressed improperly. Employer admits that its mailroom is located in the PMA Building at 925 Chestnut Street, Philadelphia, Pennsylvania, but that mail arriving there may

not reach its proper destination unless it is directed to the specific attention of the individual and department concerned. Consequently, Employer asserts that the failure of the Board to remand the case for a hearing at which Employer (now PMAIC) could appear is a denial of due process and an abuse of discretion.

Parties to an unemployment compensation proceeding are entitled to notice and an opportunity to be heard prior to a final decision on benefits. *Gadsden v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 375, 479 A.2d 74 (1984). It is undisputed that notices were mailed out, that they were mailed to the proper address of Employer and that on at least three out of the four occasions the Employer got the notice and acted on it in a timely fashion. The fact that the Employer missed the notice of hearing is the fault of the mailroom at the PMA Building and not the fault of the referee in sending the notice to the mailroom of the PMA Building. The Court is not persuaded that the distinction between Pennsylvania Manufacturers' Association and Pennsylvania Manufacturers' Association Insurance Company is of crucial significance here. Both of these entities are part of The PMA Group, both have their address in the PMA Building at 925 Chestnut Street, Philadelphia, Pennsylvania, and all mail going to this address goes to a common mailroom where it is sorted, and apparently sorted correctly in this case three times out of four. Employer's UC-100 card bears the notation The PMA Group. The Court finds that PMA is a common and convenient abbreviation for The PMA Group and its entities including PMAIC.[1]

---

[1] Indeed, this Court has consistently used PMA as a shortened form for Pennsylvania Manufacturers' Insurance Company and has also on occasion used PMA and PMAIC interchangeably in the following recent cases: *H.K. Porter Company v. Workmen's Com-*

When notice is mailed to the proper address and is not returned by the postal authorities, the party is presumed to have received it. *Ferraro v. Unemployment Compensation Review Board,* 76 Pa. Commonwealth Ct. 636, 464 A.2d 697 (1983); *John Kenneth Ltd. v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 377, 444 A.2d 824 (1982). It is undisputed that all the notices were sent to the same address and that the Employer did receive every notice sent but for one. When the Employer sends correspondence to the Office of Employment Security on letterhead emblazoned with The PMA Group and lists an address as the PMA Building, we can hardly fault the Office of Employment Security for addressing notices to PMA at the PMA Building. There is no denial of due process when a party is given notice of a hearing that ends up lost in its own mailroom. The decision of the Board in denying a request to reopen the hearing under these circumstances is within the Board's discretion which we will not disturb. *Cannady v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 457, 487 A.2d 1028 (1985).

---

*pensation Appeal Board (O'Connor),* 108 Pa. Commonwealth Ct. 254, 529 A.2d 103 (1987); *Westmoreland County Institution District and PMA v. Workmen's Compensation Appeal Board (Jacobs),* 106 Pa. Commonwealth Ct. 395, 526 A.2d 472 (1987); *Roberts v. Workmen's Compensation Appeal Board (Merck, Sharp & Dohme and PMA),* 104 Pa. Commonwealth Ct. 114, 521 A.2d 100 (1987); *Kuhn v. Workmen's Compensation Appeal Board (Leader Nursing Home),* 100 Pa. Commonwealth Ct. 407, 514 A.2d 690 (1986); *Powell v. Sacred Heart Hospital,* 99 Pa. Commonwealth Ct. 575, 514 A.2d 241 (1986); *Clark v. Workmen's Compensation Appeal Board (Lubri Kup Company) and PMA,* 86 Pa. Commonwealth Ct. 58, 483 A.2d 1053 (1984); *Fidler v. Workmen's Compensation Appeal Board (United Cable Corporation),* 83 Pa. Commonwealth Ct. 155, 478 A.2d 907 (1984); and *County of Armstrong v. Workmen's Compensation Appeal Board (Ross and Borough of Kittanning),* 81 Pa. Commonwealth Ct. 474, 473 A.2d 755 (1984).

## ORDER

Now, November 6, 1987, the order of the Unemployment Compensation Board of Review at Decision No. B-246180, dated January 24, 1986, is hereby affirmed.